*870 ARNOLD, Circuit Judge,
concurring.
I agree with the result reached by the Court and with almost all of its opinion. I write separately to indicate some variation in reasoning and also to compare this case with the companion case of Norwest Bank Nebraska, N.A. v. Tveten, 848 F.2d 871, also decided today by this panel.
In general, as the Court says, citing Forsberg v. Security State Bank, 15 F.2d 499 (8th Cir.1926), “a debtor’s conversion of non-exempt property to exempt property on the eve of bankruptcy for the express purpose of placing that property beyond the reach of creditors, without more, will not deprive the debtor of the exemption to which he otherwise would be entitled.” Ante, at 868. And this is so even if the conversion of property into exempt form takes place while the debtor is insolvent. The result is otherwise, of course, if there is “extrinsic evidence of fraud,” ante, at 868, but the word “extrinsic” must mean some evidence other than the conversion of the property into exempt form itself, the debtor’s insolvency, and the debtor’s purpose to put the property beyond the reach of creditors. Otherwise, the entire Fors-berg rule would be swallowed up in the exception for “extrinsic fraud.”
The Court is entirely correct in holding that there is no extrinsic fraud here. The money placed into exempt property was not borrowed, the cash received from the sales was accounted for, and the property was sold for fair market value. The fact that the sale was to family members, “standing on its own, does not establish extrinsic evidence of fraud.” Ante, at 869.
With all of this I agree completely, but exactly the same statements can be made, just as accurately, with respect to Dr. Tveten’s case. So far as I can tell, there are only three differences between Dr. Tveten and the Hansons, and all of them are legally irrelevant: (1) Dr. Tveten is a physician, and the Hansons are farmers; (2) Dr. Tveten attempted to claim exempt status for about $700,000 worth of property, while the Hansons are claiming it for about $31,-000 worth of property; and (3) the Minnesota exemption statute whose shelter Dr. Tveten sought had no dollar limit, while the South Dakota statute exempting the proceeds of life-insurance policies, S.D.Codified Laws Ann. § 58-12-4 (1978), is limited to $20,000. The first of these three differences — the occupation of the parties — is plainly immaterial, and no one contends otherwise. The second — the amounts of money involved — is also irrelevant, in my view, because the relevant statute contains no dollar limit, and for judges to set one involves essentially a legislative decision not suitable for the judicial branch. The relevant statute for present purposes is 11 U.S.C. § 522(b)(2)(A), which authorizes debtors to claim exemptions available under “State or local law,” and says nothing about any dollar limitations, by contrast to 11 U.S.C. § 522(d), the federal schedule of exemptions, which contains a number of dollar limitations.) The third difference— that between the Minnesota and South Dakota statutes — is also legally immaterial, and for a closely related reason. The federal exemption statute, just referred to, simply incorporates state and local exemption laws without regard to whether those laws contain dollar limitations of their own.
The Court attempts to reconcile the results in the two cases by characterizing the question presented as one of fact — whether the conversion was undertaken with fraudulent intent, or with an intent to delay or hinder creditors. In Tveten, the Bankruptcy Court found fraudulent intent, whereas in Hanson it did not. Neither finding is clearly erroneous, the Court says, so both judgments are affirmed. This analysis collapses upon examination. For in Tveten the major indicium of fraudulent intent relied on by the Bankruptcy Court was Dr. Tveten’s avowed purpose to place the assets in question out of the reach of his creditors, a purpose that, as a matter of law, cannot amount to fraudulent intent, as the Court’s opinion in Hanson explicitly states. Ante, at 868. The result, in practice, appears to be this: a debtor will be allowed to convert property into exempt form, or not, depending on findings of fact made in the court of first instance, the Bankruptcy Court, and these findings will turn on whether the Bankruptcy Court re *871 gards the amount of money involved as too much. With all deference, that is not a rule of law. It is simply a license to make distinctions among debtors based on subjective considerations that will vary more widely than the length of the chancellor’s foot.